IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAHMOOD I. ALYSHAH,<br><br>    Plaintiff,<br><br>        v.<br><br>STATE BAR OF GEORGIA<br>FOUNDATION, INC., A Private<br>Organization doing business as<br>State Bar of Georgia,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:06-CV-0946-TWT |

ORDER

This is a *pro se* civil rights action. It is before the Court on the Plaintiff's Motion to Strike the Defendant's Answer and Affirmative Defenses [Doc. 5] and the Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. 8]. For the reasons set forth below, the Plaintiff's motion is DENIED and the Defendant's motion is GRANTED.

I. BACKGROUND

This is one of many lawsuits filed by the Plaintiff arising out of the State Bar of Georgia's efforts to prevent him from engaging in the unauthorized practice of law. The Plaintiff is the president of Alyshah Immigration Agency, Inc. ("Alyshah

Immigration"), a Georgia for-profit organization that allegedly helps clients prepare forms related to immigration and employment within the United States. The Plaintiff is not a member of the State Bar, and he is neither licensed nor qualified to practice law in the state of Georgia. On July 17, 2002, the State Bar filed a complaint for injunctive relief against Alyshah Immigration in the Superior Court of DeKalb County. State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002). The complaint alleged that Alyshah Immigration had placed advertisements in local Atlanta magazines stating that it practiced immigration law. It also alleged that the Plaintiff misled an INS officer into thinking that Alyshah was a lawyer. The State Bar sought to enjoin Alyshah Immigration and its president from engaging in the unauthorized practice of law in Georgia.

The case was resolved with a Consent Order, signed by each party's counsel and by Judge Linda Warren Hunter, stating: "IT IS HEREBY ORDERED, ADJUDGED & DECREED that Alyshah Immigration Agency, Inc., and its officers, directors, employees and agents be permanently forbidden, restrained and enjoined from engaging in the practice of law within the State of Georgia." (Consent Order of October 30, 2002, State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002)). On April 14, 2004, the Plaintiff and Alyshah Immigration filed a complaint in this Court challenging the constitutionality

of this Consent Order and seeking damages resulting from that action. <u>Alyshah Immigration Agency, Inc. v. State Bar of Georgia</u>, No. 1:04-CV-1017-TWT (N.D. Ga. 2004) ("<u>Alyshah Immigration I</u>"). The Court granted the State Bar's Motion to Dismiss on the grounds that these constitutional claims were barred by the <u>Rooker-Feldman</u> doctrine and *res judicata*. The Court also dismissed the state law claims as inapplicable or barred by the statute of limitations. The Court further determined that Alyshah's purported representation of Alyshah Immigration was a violation of Georgia law and of the Consent Order.

On March 21, 2005, Alyshah and Alyshah Immigration filed another lawsuit in this Court, <u>Alyshah et al. v. The Supreme Court of Georgia, et al.</u>, No. 1:05-CV-759-TWT (N.D. Ga. 2005) (<u>Alyshah Immigration II</u>), alleging essentially the same claims as those asserted against the State Bar in <u>Alyshah Immigration I</u>, except that they now claimed that the State Bar was an arm of the Supreme Court of Georgia and thus also asserted their constitutional and state law claims against the Supreme Court and its Justices. The Plaintiffs also named Cliff Brashier as a defendant, presumably only in his role as the executive director of the State Bar of Georgia. This Court dismissed all defendants on October 12, 2005, holding that the constitutional claims were barred by <u>Rooker-Felman</u> and the state law claims were without merit. Additionally, the Court found that Alyshah Immigration was not properly before it.

On January 19, 2005, the State Bar filed a Motion for Contempt of Court against Alyshah Immigration in the DeKalb Superior Court, alleging that Alyshah, as the president of Alyshah Immigration, had engaged in the unauthorized practice of law in violation of the Consent Order. On April 21, 2005, after establishing that Alyshah had willfully violated the Consent Order, Judge Hunter issued a contempt order instructing the DeKalb County Sheriff to incarcerate Alyshah for 20 days and pay a $500.00 fine. The Plaintiff was subsequently arrested and incarcerated from June 2 to June 21, 2005.

On April 18, 2006, the Plaintiff filed his third complaint asserting twelve separate state and federal causes of action ranging from conspiracy to negligent infliction of emotional distress. All of his injuries arose out of his allegedly "false arrest and false imprisonment for 21 days through unconstitutional court order." (Compl., p. 2.) Alyshah alleged that several State Bar of Georgia employees conspired with DeKalb Superior Court Judge Hunter, U.S. Immigration Judge Cassidy, and Attorney Pelletier to violate his civil rights. The next day, he filed this lawsuit alleging essentially the same claims against the "State Bar of Georgia Foundation, Inc., Doing Business as State Bar of Georgia, a Private Organisation." The State Bar of Georgia Foundation, Inc. is a charitable entity created by the State Bar under § 501(c)(3) of the I.R.S. Code to accept charitable donations in support of

some of the State Bar's educational program. Although the Plaintiff has misidentified his intended Defendant, the State Bar waives this issue and moves for dismissal, or in the alternative, summary judgment on the merits.

## II. DISCUSSION

### A. Plaintiff's Motion to Strike

The Plaintiff attempts to strike the Defendant's Answer to the Complaint. Federal Rule of Civil Procedure 12(f) provides that "upon motion made by a party...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Plaintiff claims that "there is no immunity of any form and no affirmative defenses, justifiable, to the violation of Civil Rights of the Plaintiff by the Defendant." (Pl.'s Mot. to Strike, at 2.) This assertion is completely baseless and the Plaintiff does not even attempt to provide any case law to support it. No grounds exist for granting the Plaintiff's motion and the motion is thus denied.

### B. Motion to Dismiss

#### 1. Standard of Review

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v.

Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

    2. Federal Claims

Just as in Alyshah Immigration I and Alyshah Immigration II, the Plaintiff is again seeking damages based on the State Bar's attempt to enforce the Consent Order against him. In this complaint, Alyshah asserts violations under the First, Fourth, Fifth and Fourteenth Amendments. He also brings federal claims pursuant to 42 U.S.C. §§ 1981, 1983, 1986, and 1988. Under the Rooker-Feldman Doctrine, however, a federal district court lacks subject matter jurisdiction to review, reverse, or invalidate a final decision by a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). The Supreme Court recently stated that this doctrine continues to apply in "cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Based on this most recent Supreme Court opinion on Rooker-Feldman, the Second Circuit has held that the doctrine applies when: (1) the federal plaintiff lost in state court; (2) the plaintiff now complains of injuries caused by the state court judgment; (3) the plaintiff asks the district court to review and reject the state court judgment; and (4) the state court judgment was rendered prior to commencement of the district court proceedings. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).[1]

---

[1] Prior to Exxon Mobil, the Eleventh Circuit held that Rooker-Feldman applied where the following four criteria were met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (citations omitted). This latest Supreme Court decision has limited the scope of the doctrine and changed the third and fourth elements of this test. See Thomas D. Rowe Jr. & Edward L. Baskauskas, Inextricably Intertwined Explicable at Last? Rooker-Feldman Analysis After the Supreme Court's Exxon Mobil Decision, 2006 Fed. Ct. L. Rev 1 (concluding that anyone who starts an analysis of Rooker-Feldman by applying the phrase "inextricably intertwined" either "hasn't read Exxon Mobil or hasn't read it right"). Specifically, in Exxon Mobil, the Supreme Court explained that the federal court's jurisdiction exists as long as the federal plaintiff "present[s] some

Here, all four elements of this doctrine are satisfied. First, while the Plaintiff continues to dispute that he was a party to the Consent Order, this Court previously made clear that "[a]lthough the complaint in state court was filed against Alyshah Immigration, the individual plaintiff verified the answer, acted as the corporate representative, and was specifically subject to the resultant Consent Order." (Alyshah et al. v. The Supreme Court of Georgia, et al., No. 1:05-CV-759-TWT (N.D. Ga. 2005) at 7.) Thus, through that judgment, he lost any alleged right to practice law without a license. Furthermore, it is clearly injuries from this state court judgment that the Plaintiff now seeks relief, as all of his claims arise out of Judge Hunter's order that he be incarcerated for violating the Consent Order. Third, although he is not directly requesting that the Court overturn the Consent Order, he continues to assert that it is unconstitutional and seeks damages based on the State Bar's attempts to enforce it. Thus, in essence, the Plaintiff is again challenging the validity of the

---

independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." Exxon Mobil, 544 U.S. at 293 (quoting GASH Assocs. v. Village of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993)).

     This change in the Rooker-Feldman analysis will not affect the outcome in this lawsuit, however. Just as a father whose parental rights are terminated in state court may not then file a federal claim alleging his substantive due process rights as a parent have been violated, see Hoblock, 422 F.3d at 87 (providing this hypothetical example to demonstrate an instance where Rooker-Feldman always applies), the Plaintiff's federal claims here are comprised entirely of injuries resulting from the enforcement of the DeKalb Superior Court's Consent Order. His claims thus are not independent of the state court judgment.

Consent Order itself, and his claims cannot succeed unless this Court reviews and rejects the state court's judgment. Finally, it is undisputed that the Consent Order was entered on October 30, 2002, over three years before the Plaintiff commenced this proceeding. Accordingly, under the principles of Exxon Mobil, the Rooker-Feldman doctrine bars this Court from hearing these claims.

### C. State Law Claims

The Plaintiff also brings several state statutory claims, as well as common law claims for Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress. Assuming arguendo that these claims are not barred by Rooker-Feldman, all of these allegations are without merit. First, he alleges that the Defendant violated O.C.G.A. § 9-4-7(a). Under this statute, "[n]o Declaration shall prejudice the rights of persons not parties to the proceeding." In this case, however, the Court has previously held that the Plaintiff was "specifically subject" to the Consent Order. This statutory language is thus of no aid to the Plaintiff. He next makes a claim under O.C.G.A. § 15-1-8(a)(2), which provides that a judicial officer shall be precluded from presiding over any case where she "is related by consanguinity or affinity within the sixth degree." For a judge to be disqualified under this statute, "the interest must be a direct, certain, and immediate interest, and not one which is indirect, incidental or remote." Robertson v. State, 225 Ga. App.

389, 390 (1997). Alyshah alleges that Judge Hunter has violated this provision, but does plead any facts to support such a claim. Just as in <u>Alyshah Immigration I</u> and <u>Alyshah Immigration II</u>, he appears to be arguing that because she is a member of the State Bar, she somehow has an unlawful conflict of interest in this lawsuit. As the Court has stated twice before, "[t]his ludicrous assertion, if acknowledged as valid, would effectively bar the State Bar of Georgia from access to the Georgia courts, severely impeding its ability to aid in the regulation of the practice of law in Georgia." (Order of Oct. 12, 2005, <u>Alyshah et al. v. The Supreme Court of Georgia, et al.</u>, No. 1:05-CV-759-TWT (N.D. Ga. 2005), at 12); (Order of March 11, 2005, <u>Alyshah Immigration Agency, Inc. v. State Bar of Georgia</u>, No. 1:04-CV-1017-TWT (N.D. Ga. 2004), at 6 n.1.)

The Plaintiff further pursues this line of challenge by claiming that O.C.G.A. §§ 15-1-8(b), 15-6-4, and 15-19-58 are in conflict with one another. He claims that under O.C.G.A. § 15-1-8(b), "a *Superior Court Judge is not permitted to preside* over a proceeding filed by the State Bar of Georgia *being a member of the State Bar of Georgia*." (Compl., ¶ 41.) The Plaintiff's interpretation of the statute is puzzling, given that it actually states: "No judge...shall be disqualified from sitting in any case or proceeding because of the fact that he is a policyholder or is related to a policyholder of any mutual insurance company which has no capital stock." O.C.G.A.

§ 15-1-8(b). The other two laws cited by the Plaintiff, O.C.G.A. §§ 15-6-4 and 15-19-58, respectively provide the qualifications for State superior court judges and allow the State Bar to seek injunctive relief against any party engaged in the unauthorized practice of law. There is no conflict between these three statutes, and the Plaintiff's claim is without merit.

He also challenges O.C.G.A. § 15-19-57, claiming that it authorizes the illegal search and seizure by private organizations in violation of the Fourth Amendment. The statute, however, simply provides the State Bar of Georgia, the Judicial Council of the State of Georgia, and all organized bar associations in the state with the authority "to inquire into and investigate (1) Any charges or complaints of unauthorized or unlawful practice of law." O.C.G.A. § 15-19-57. The statute clearly provides these bodies only with the authority to investigate complaints, not to search and seize property. It was an order of the DeKalb Superior Court and not this statute, moreover, that authorized the Plaintiff's incarceration. O.C.G.A. § 15-19-57 thus fails to provide the Plaintiff with any grounds for relief.

Finally, the Plaintiff's claims of Negligent and Intentional Infliction of Emotional Distress are similarly unavailing, as there has been no negligent, reckless or intentionally wrongful conduct on the part of the Defendant. See Metropolitan Atlanta Rapid Transit Auth. v. Mosley, 2006 WL 1914633, at *3 (2006) (requiring

that a claim for intentional infliction of emotional distress be supported by conduct that is intentional or reckless); Holbrook v. Stansell, 254 Ga. App. 553, 554 (2002) ("There is no independent tort in Georgia for negligent infliction of emotional distress."). Dismissal is thus warranted on all the Plaintiff's state law claims.

### III. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 8] is GRANTED and the Plaintiff's Motion to Strike [Doc. 5] is DENIED.

SO ORDERED, this 12 day of September, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge